**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **WILLIAM RICARDO CAPERS,** | **Civ. Action No. 25-12257 (BRM) (JSA)** |
| **Plaintiff,** | |
| **v.** | **ORDER DENYING PLAINTIFF'S MOTION TO APPOINT PRO BONO COUNSEL AND STAY PROCEEDINGS** |
| **FEDEX CORPORATION, *et al.*,** | |
| **Defendants.** | |

**THIS MATTER** comes before the Court upon *pro se* Plaintiff William Ricardo Capers'

motion to appoint pro bono counsel, pursuant to 28 U.S.C. § 1915(e)(l), and to stay proceedings.

(ECF No. 46).  Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral

argument on the motion; and

**WHEREAS** this Court recognizes that civil litigants do not possess a constitutional or

statutory right to appointed pro bono counsel.  *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir.

1997).  In some instances, however, the need for representation is great and district courts have

broad discretion to request the appointment of attorneys to represent indigent civil litigants.  28

U.S.C. § 1915(d), (e)(1); and

**WHEREAS** the United States Court of Appeals for the Third Circuit has directed that,

when evaluating a request for the appointment of pro bono counsel, a district court should first

determine whether the litigant's claim "has arguable merit in fact and law."  *Tabron v. Grace*, 6

F.3d 147, 155 (3d Cir. 1993); and

**WHEREAS** the Court notes that Plaintiff has brought an employment discrimination and retaliation action, stemming from his employment and subsequent termination by Defendant, FedEx Express (Second Am. Compl. ¶¶ 8, 92, 95-152; ECF No. 34, Exh. 1); and

**WHEREAS**, in support of the instant motion, Plaintiff alleges that after his former attorney withdrew as counsel, he obtained new evidence to support his case, including a report from a forensic document examination expert that supposedly substantiates his allegation that Defendant forged documents that it ultimately used to target and fire him. (*See* ECF No. 46 at 2-3, 10, 17-20, 112-31).[1] Due to his new evidence, Plaintiff plans to seek leave to file a Third Amended Complaint. (*See id.* at 2, 8-10, 20). Accordingly, he requests the appointment of counsel and further asks to stay proceedings for thirty or sixty days so appointed counsel can familiarize themselves with the case and prepare a proposed amendment (*see id.* at 1, 10-11); and

**WHEREAS** even assuming, for the sake of this motion, that Plaintiff's claims arguably have merit, a court evaluating an application for the appointment of pro bono counsel should also consider: (1) the *pro se* party's ability to present their case; (2) the complexity of the legal issues involved; (3) the extent of factual discovery and the *pro se* party's ability to investigate and to comply with complex discovery rules; (4) the extent to which the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the party can afford counsel on their own behalf. *Tabron*, 6 F.3d at 156; and

**WHEREAS** the Court finds that Plaintiff is capable of prosecuting this case, as he submitted a charge with the Equal Employment Opportunity Commission ("EEOC") (*see* ECF No. 31-25), obtained a Right to Sue letter (*id.*), corresponded with the EEOC and Occupational Safety and Health Administration (ECF No. 46 at 33-34, 63, 69, 93-97), and retained an expert (*see*

---

[1] The Court cites Plaintiff's moving papers using the page numbers from the CM/ECF-generated banner.

Makoff Aff. ¶¶ 10-11, ECF No. 46 at 124-31), all without the assistance of counsel. Therefore, the Court finds the first *Tabron* factor weighs against granting Plaintiff's motion; and

**WHEREAS** the Court notes that Plaintiff's employment discrimination and retaliation claims do not appear to be overly complex and will depend on what facts are ultimately established regarding whether Defendants took disparate and retaliatory actions against Plaintiff. *See Jones v. Newark Museum of Art*, 2026 U.S. Dist. LEXIS 91922, at *7 (D.N.J. Apr. 27, 2026) (finding an employee's discriminatory treatment and retaliation claims did "not involve overly complex legal or factual issues"). Therefore, the second *Tabron* factor weighs against the appointment of counsel; and

**WHEREAS**, the Court notes that nothing in the record suggests that Plaintiff would be unable to conduct discovery given the discovery tools available to him under the Federal Rules of Civil Procedure to investigate and prosecute the case. *See* Fed. R. Civ. P. 26. Indeed, as described in his motion, Plaintiff has already taken substantial steps to investigate the facts of his case, such as personally retaining a forensic expert. (*See* ECF No. 46 at 2-6, 10, 17-20). Additionally, there is no evidence in the record that Plaintiff has not been served with court filings or court orders. Indeed, he responded to his prior counsel's motion to withdraw. The Court is therefore unable to find, based on the information submitted to date, that Plaintiff lacks the ability to participate in discovery and otherwise present his case. Accordingly, the third *Tabron* factor weighs against the appointment of counsel; and

**WHEREAS** while the Court acknowledges that credibility may be an issue, that is frequently the case. Here, the Second Amended Complaint does not conclusively establish that this case will turn solely on credibility. *See Parham*, 126 F.3d at 460 (explaining that while credibility is always important, the Third Circuit has stressed that, "when considering this factor,

3

courts should determine whether the case [is] solely a swearing contest"). Therefore, the fourth *Tabron* factor is neutral, and thus, neither weighs in favor of nor against the appointment of counsel; and

**WHEREAS**, based on the record before the Court and the nature of the alleged claims, it appears possible, although not certain, that expert discovery may be required. Accordingly, the fifth *Tabron* factor is either neutral, or potentially weighs slightly in favor of the appointment of counsel; and

**WHEREAS** Plaintiff contends that he cannot afford private counsel. (ECF No. 46 at 21). However, indigence alone does not support the appointment of counsel. *See Thrower v. N.J. Dep't of Corr.*, 2007 WL 3376717, *4 (D.N.J. Nov. 7, 2007) ("Although indigence is a prerequisite for appointment of counsel, it does not alone warrant the appointment of counsel without satisfying the other *Tabron* factors."); and

**WHEREAS** the Court finds that, on balance, the factors articulated by the Third Circuit in *Tabron* and *Parham* weigh against appointing pro bono counsel at this time. In light of the foregoing, the Court further finds no reason to stay proceedings; and

**WHEREAS** after carefully considering Plaintiff's submission and for good cause shown,

**IT IS on this 9th day of June 2026,**

**ORDERED** that Plaintiff's motion to appoint pro bono counsel (ECF No. 46) is **DENIED**; and it is further

**ORDERED** that Plaintiff's request to stay proceedings is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall terminate the motion at ECF No. 46.


                                        s/Jessica S. Allen
                                        **HON. JESSICA S. ALLEN, U.S.M.J.**


cc:      Honorable Brian R. Martinotti, U.S.D.J.