

**Patrick H. Morris, Sr. Counsel**
Litigation Department
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, TN 38125
Telephone: 901-434-8559
patrick.morris@fedex.com

June 23, 2026

**VIA CM/ECF:**
Magistrate Judge Jessica S. Allen
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102
Court Room: MLK 2B

Re:   *Capers v. FedEx Express*, **Case No. 2:25-CV-12257-BRM-JSA**
**Defendant's Intent to oppose Plaintiff's Motion to Amend and Proposed Scheduling Order Modifications**

Dear Magistrate Judge Allen:

Pursuant to the Court's June 9, 2026 Text Order (ECF 52), Defendant Federal Express Corporation ("FedEx") submits this letter addressing: (1) FedEx's intent to oppose Plaintiff's motion to amend (ECF 38); and (2) FedEx's proposed modifications to the scheduling deadlines in the Pretrial Scheduling Order (ECF 24).

## I. FedEx Intends to Partially Oppose Plaintiff's Motion to Amend (ECF 38)

On January 20, 2026, Plaintiff sought leave to file a third amended complaint to: (1) remove counts six through nine of his Second Amended Complaint (ECF 34) asserting claims under the NJLAD; (2) set forth allegations regarding the exhaustion of remedies related to his post-employment retaliation claim.[1] *See* Motion to Amend Second Amended Complaint ¶¶ 7-8 ("Motion to Amend") (ECF 38). The basis for Plaintiff's motion was that he did not obtain an EEOC right-to-sue letter in Charge No. 524-2025-01665, related to his post-employment retaliation claim, until December 4, 2025. (Motion to Amend ¶¶ 10, 15). A copy of the proposed third amended complaint was attached to the Motion as Exhibit 1. (ECF 38).

FedEx opposes amending the complaint to add allegations regarding Plaintiff's post-suit attempts to exhaust his administrative remedies related to his post-employment retaliation claim because the amendments would be futile. FedEx previously moved to dismiss these claims from because Plaintiff admitted he sued before receiving a right-to-sue letter. *See* Defs. Brief in Supp. 7-9 (ECF 27-1); Defs. Reply Brief 7-9 (ECF 36). Plaintiff's Motion to Amend now shows that not only had Plaintiff not received a right-to-sue letter prior to filing suit, but that he had not even filed

---

[1] FedEx does not oppose the removal of counts six through nine of Plaintiff's First Amended Complaint because FedEx had previously moved to dismiss those claims on the grounds that they were barred by the NJLAD's election of remedies provision, which Plaintiff previously conceded. *See* Pl. Brief in Opp. 30 (ECF 31).

his charge. Plaintiff did not file Charge No. 524-2025-01665 until on or about November 30, 2025. *See* Motion to Amend at Page ID 428-444. The EEOC then issued the right-to-sue letter four days later at Plaintiff's request. *See Id*. at Page ID 446. Notably, this was all *after* Plaintiff filed his First Amended Complaint (ECF 18) adding his post-employment retaliation claim; *after* FedEx filed its Pre-Motion Conference Letter (ECF No. 21) asserting its intent to move to dismiss; *after* Plaintiff filed his Opposition to FedEx's Pre-Motion Conference Letter inexplicably asserting his post-employment retaliation claims had been pending before the EEOC since March 2025 (ECF 25); *after* the Court ordered the parties to proceed with motion practice (ECF No. 26); and *after* FedEx moved to dismiss (ECF No. 27). Thus, it is clear that Plaintiff had not exhausted his administrative remedies prior to filing suit and tried to create exhaustion after the fact to survive dismissal.

## II.   FedEx Intends to Oppose Plaintiff's Second Request to Amend (ECF 41)

In his Response to Motion of Counsel to Withdraw (ECF No. 41), Plaintiff included a second request to file a third amended complaint. The response described four bases for amendment:

(1) Exhaust Federal Claims: Properly plead the Right-to-Sue dates of April 11, 2025 and May 28, 2025;

(2) Restore Findings of Fraud: Address metadata showing a medical accommodation denial letter was back-dated to September 20, 2022 despite being created on September 21, 2022. Plaintiff alleges FedEx supplied this fraudulent denial letter to the NJDCR on May 1, 2023 to conceal the assault (Exhibit A, 24-30);

(3) Re-Insert NJDCR Allegations: Restore allegations concerning NJDCR investigative failures, FedEx's false statements to the agency, and the use of unauthenticated video footage that does not depict the actual assault;

(4) Correct the Record: An email dated April 1, 2025 shows Plaintiff's attempt to address the incomplete video footage and Manager Leverock's continued harassment (Exhibit A, 3). These pleadings are essential to demonstrate that the NJDCR process was compromised and should not support dismissal. (ECF No. 41).

The Court denied Plaintiff's request. (ECF 42)

FedEx also opposes Plaintiff's second request to file a third amended complaint for several reasons. First, the request does not comply with Local Rule 15.1 and the Scheduling Order because it was not made by motion, and Plaintiff did not attach a black-lined or red-lined version of the proposed amended complaint that shows any changes from the Second Amended Complaint. *See* L.Civ.R. 15.1; Scheduling Order ¶ 19 (ECF 24). Second, FedEx opposes amending the complaint on base 1 for the reasons stated in Section I above. Third, FedEx opposes amending the complaint on bases 2-4 because the amendments would be futile. FedEx previously moved to dismiss Plaintiff's NJLAD claims as barred by the election of remedies. *See* Defs. Brief in Supp. 2-9 (ECF 27-1). Defs. Reply Brief 7-7 (ECF 36). Plaintiff previously conceded this fact. *See* Pl. Brief in Opp. 30 (ECF 31); Defs. Reply Brief 1 (ECF 36). Amending the complaint to add allegations or purported evidence disputing the DCR's final determinations does not change that final determinations were issued and Plaintiff's NJLAD claims are barred. Moreover, this action is not an opportunity for Plaintiff to overturn the DCR's determinations and obtain a second bite at the

2

apple on his claims because his disagreed with the determinations.

### III.    FedEx Proposes to the Following Modifications to the Court's Pretrial Scheduling Order

| Description | Current Deadline | Proposed Deadline |
|---|---|---|
| Initial Disclosures | November 19, 2025 | No change |
| E-Discovery Conference | November 20, 2025 | No change |
| Fact Discovery | March 9, 2026 | November 20, 2026 |
| Service of Interrogatories & Requests for Production | December 5, 2025 | Responses due 30 days after Amended Scheduling Order entered. |
| Discovery Confidentiality Order | December 1, 2025 | No change |
| Motions to Amend the Pleadings | February 2, 2026 | TBD |
| Motion to Add or Join Parties | February 2, 2026 | TBD |
| Expert Reports | April 13, 2026 | December 18, 2026 |
| Responding Expert Reports | May 11, 2026 | January 22, 2027 |
| Expert Discovery | June 8, 2026 | February 26, 2027 |
| Final Pretrial Conference | TBD | TBD |

Good cause exists for extending the deadlines. First, the parties could not adequately engage in discovery because the operative pleadings had not been determined. Although the parties have exchanged initial disclosures, held an initial E-Discovery conference, entered a Discovery Confidentiality Order, and served written discovery requests, *see* (Sched. Order ¶¶ 1-3, 5, 12), the operative pleadings are still in question and all previously set discovery deadlines have passed in the interim. Second, at the January 22, 2026 Status Conference, the Court granted Plaintiff's counsel leave to move to withdraw and stayed FedEx's deadline to respond to the Second Amended Complaint and all discovery deadlines pending the outcome of the motion to withdraw. (ECF No. 39). The Court later extended the stay of all proceedings in this action for an additional sixty (60) days, through May 26, 2026, to allow Plaintiff to obtain replacement counsel. (ECF No. 42). Based on the stay and the possibility that Plaintiff might obtain replacement counsel who might try to amend the complaint or serve different discovery, the parties did not engage in any further discovery, including serving responses to previously served requests. Therefore, significant discovery remains to be conducted once the operative pleadings are settled.

Sincerely,

Patrick H. Morris, Sr. Counsel
Neil A. Tortora, Local Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2026, a true and exact copy of the foregoing was served on the parties listed below via the Court's CM/ECF system:

William R. Capers
95 Paterson St. Apt. B
Paterson, NJ 07501
capersw5@msn.com

*Pro se Plaintiff*

***Neil A. Tortora /s/***
Neil A. Tortora

4